UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| REUBEN OKOGUN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | No. 25-cv-11731-ADB |
| | * | |
| UBER TECHNOLOGIES, INC., | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Before the Court is Defendant's Motion to Compel Arbitration and Dismiss This Action in Its Entirety, [ECF No. 11]. For the reasons set forth below, the motion is **GRANTED IN PART**.

## I.     BACKGROUND

On June 13, 2025, Plaintiff Reuben Okogun ("Okogun"), proceeding pro se, filed a Complaint in this Court against Defendant Uber Technologies, Inc. ("Uber"), alleging violations of 18 U.S.C. § 2511, 42 U.S.C. § 1981, and the Equal Protection Clause of the Fourteenth Amendment. See generally [ECF No. 1 ("Compl.")]. Specifically, the Complaint alleges that Uber (1) installed a driver-monitoring system on Okogun's account without his consent, (2) deactivated his account on the basis of false claims that Okogun had been arrested, had pending criminal charges, and had consistently low driver ratings, and (3) discriminated against him by repeatedly and baselessly terminating his driver account. [Compl. at 6–7]. Uber was served on

September 10, 2025, [ECF No. 10], and on October 1, 2025, filed a Motion to Compel Arbitration and Dismiss This Action in Its Entirety, [ECF No. 11].  Okogun filed two Oppositions to the Motion, [ECF Nos. 16, 18], both of which the Court will consider in light of its obligation to liberally construe documents filed pro se, see Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The motion relies on Uber's Platform Access Agreement, which includes an arbitration provision.  [ECF No. 12 at 7]; see generally [ECF Nos. 13-1, 13-4, 13-5, 13-6 (successive versions of the Platform Access Agreement from 2014 to 2022)].  Uber has submitted an affidavit by a senior manager for corporate business operations, who states that Okogun first accepted the Platform Access Agreement in October 2015, before he completed his first trip as a driver, [ECF No. 13 ¶¶ 9–10], and that he then accepted updated versions of the agreement in December 2015, [id. ¶¶ 12–15], August 2021, [id. ¶ 17], and March 2022, [id. ¶ 19].  The arbitration provision in the Platform Access Agreement applies to "any dispute arising out of or related to this Agreement or termination of the Agreement."  [ECF No. 13-1 ¶ 15.3(i)]; accord [ECF No. 13-4 ¶ 15.3(i)]; [ECF No. 13-5 ¶ 13.1(a)]; [ECF No. 13-6 ¶ 13.1(a)].  It provides that all "disputes arising out of or relating to interpretation or application of this Arbitration Provision, including the enforceability, revocability or validity of the Arbitration Provision . . . shall be decided by an Arbitrator and not by a court or judge."  [ECF No. 13-1 ¶ 15.3(i)].  Substantially similar language is contained in each subsequent contract.  See [ECF No. 13-4 ¶ 15.3(i)]; [ECF No. 13-5 ¶ 13.1(b)]; [ECF No. 13-6 ¶¶ 13.1(b), 13.3(j)].

The Federal Arbitration Act ("FAA") was enacted primarily to "overcome judicial hostility to arbitration agreements," Allied-Bruce Terminix Cos., Inc. v. Dobson, 513 U.S. 265, 272 (1995).  It "embodies the national policy favoring arbitration and places arbitration

agreements on equal footing with all other contracts." Soto-Fonalledas v. Ritz Carlton San Juan

Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011) (quoting Buckeye Check Cashing, Inc. v.

Cardegna, 546 U.S. 440, 443 (2006)).  Under the FAA, "[a] written provision in . . . a

contract . . . to settle by arbitration a controversy thereafter arising out of such contract . . . shall

be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the

revocation of any contract."  9 U.S.C. § 2.  The party seeking to compel arbitration bears the

burden of proving "that a valid agreement to arbitrate exists, the movant has a right to enforce it,

the other party is bound by it, and that the claim asserted falls within the scope of the arbitration

agreement."  Oyola v. Midland Funding, LLC, 295 F. Supp. 3d 14, 16–17 (D. Mass. 2018)

(citing Bekele v. Lyft, Inc., 199 F. Supp. 3d 284, 293 (D. Mass. 2016), aff'd, 918 F.3d 181 (1st

Cir. 2019)).  Where, as here, "a contract contains a 'clear and unmistakable' delegation by the

parties of the question of arbitrability, 'the courts must respect the parties' decision as embodied

in the contract,' and leave to the arbitrator to decide whether 'the arbitration agreement applies to

[the] particular dispute' between them."  Morales-Posada v. Cultural Care, Inc., 141 F.4th 301,

309 (1st Cir. 2025) (alteration in original) (quoting Bossé v. New York Life Ins., 992 F.3d 20,

27–28 (1st Cir. 2021)).

Here, the arbitration provision plainly delegates to arbitration any threshold questions

about the arbitrability of a particular claim.  See [ECF No. 13-4 ¶ 15.3(i)]; [ECF No. 13-5 ¶

13.1(b)]; [ECF No. 13-6 ¶¶ 13.1(b), 13.3(j)].  In his two Oppositions to the Motion, [ECF Nos.

16, 18], Okogun has not presented any grounds for revocation of the contract, see 9 U.S.C. § 2,

nor challenged its validity.  On the facts of this case, the law of the First Circuit is clear that an

arbitrator, not this Court, must decide whether Okogun's claims are arbitrable.

## II.       CONCLUSION

The Court concludes that an arbitrator must decide the arbitrability of Okogun's claims in the first instance.  The parties have indicated that a related state court action is currently being arbitrated.  The Court is not privy to the timing or scope of that arbitration, including the extent to which the ongoing arbitration has or will consider the claims raised by Okogun in this action.  Accordingly, Uber's Motion to Compel Arbitration and Dismiss This Action in Its Entirety, [ECF No. 11], is **<u>GRANTED IN PART</u>**.  The action is dismissed with leave to reopen within thirty days of the conclusion of the arbitration in connection with the state court case if issues remain that would be properly addressed by this Court.

**SO ORDERED.**

January 8, 2026                                              */s/ Allison D. Burroughs*
                                                            ALLISON D. BURROUGHS
                                                            U.S. DISTRICT JUDGE

4